CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong**, <br><br> Plaintiff, <br><br> v. <br><br> **Cold Scoops, Inc.**, a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Nehemiah Kong complains of Defendant Cold Scoops, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van.

2. Defendant Cold Scoops, Inc. owned the Cold Stone Creamery located at or about 9971 Chapman Ave., Garden Grove, California, in February 2018.

Complaint

3. Defendant Cold Scoops, Inc. owns the Cold Stone Creamery located at or about 9971 Chapman Ave., Garden Grove, California, currently.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8. Plaintiff went to Cold Stone Creamery in February 2018 to buy ice cream.

Complaint

9. Cold Stone Creamery is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Cold Stone Creamery.

11. Unfortunately, there were no van-accessible parking stalls marked and reserved for persons with disabilities located in front of Cold Stone Creamery on the day of plaintiff's visit.

12. The only parking stall reserved for persons with disabilities in front of Cold Stone Creamery measured 104 inches in width while the access aisle measured 55 inches in width on the day of plaintiff's visit. This is not van accessible.

13. There are currently no compliant, van-accessible parking spaces at the Cold Stone Creamery.

14. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

15. Meanwhile, even though there are other van-accessible parking spaces marked and reserved for persons with disabilities in the shopping center, those parking spaces do not serve Cold Stone Creamery.

16. Indeed, if plaintiff wanted to use other the van-accessible parking spaces marked and reserved for persons with disabilities in the shopping center, he would have to travel behind parked cars as well as travel with cars in the vehicular drive paths to make it back to Cold Stone Creamery. This is not accessible to plaintiff.

17. Plaintiff personally encountered these barriers.

18. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

19. Paths of travel are another one of the facilities, privileges, and

Complaint

advantages offered by Defendants to patrons of Cold Stone Creamery.

20. Meanwhile, and even though plaintiff did not personally confront the barrier, the path of travel to the transaction counter is obstructed by a soda machine that narrows the path of travel to less than 36 inches in width. In fact, the path of travel narrows to 24 inches wide.

21. Plaintiff plans to return and patronize Cold Stone Creamery but will be deterred from visiting until the defendants remove the barriers.

22. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. For example, there are numerous paint/stripe companies that will stripe a van accessible parking stall and access aisle and install proper signage on short notice and for a modest price, sometimes as low as $300, in full compliance with federal and state access standards.

25. Plaintiff is and has been deterred from returning and patronizing Cold Stone Creamery because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize Cold Stone Creamery as a customer once the barriers are removed.

26. Given obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will

Complaint

amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

27. Note: plaintiff, on information and belief, does not contend that the parking spaces are the responsibility of Cold Stone Creamery. Instead, the parking spaces, on information and belief, are the responsibility of the property owner, which is, for the moment, being named as a Doe defendant in this complaint. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

Complaint

accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

30. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

31. Here, the failure to provide a van accessible parking is a violation of the law.

32. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. The minimum clear width of an accessible route shall be 36 inches. 1991 Standards § 4.3.3.

33. Here, the failure to provide an accessible path of travel is a violation of the ADA.

Complaint

34. Under the ADA, there must be at least one accessible route connecting every building on the same site. 1991 Standards § 4.3.2(2); 2010 Standards § 206.2.2. Travel in the vehicular drive path with vehicles is not part of an accessible route.

35. Here, the failure to provide an accessible route is a violation of the law.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

37. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

38. Given its location and options, plaintiff will continue to desire to patronize Cold Stone Creamery but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

41. Defendants' acts and omissions, as herein alleged, have violated the

Complaint

Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

42. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: May 8, 2018        CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff